### DARIUS GOFF *vs.* THE TOWN OF PAWTUCKET.

Public Laws R. I. cap. 529, of April 12, 1876, empowered the town of Pawtucket, under certain conditions, to "take and condemn" certain "lands, waters, or water rights," for a water supply for the town. The same act allowed the "owner of lands, waters, or water rights," so taken, "at any time within, but not after, one year from the time of such taking," to petition the Supreme Court for the appointment of appraisers to estimate the value of the property taken.

*Held*, that the year within which the petition of a water owner could be filed began to run from the time when his water was actually taken and diverted, not from the time when the town voted to "take and condemn" it.

STATUTORY PROCEEDINGS under Pub. Laws R. I. cap. 529, of April 12, 1876, which are as follows :

AN ACT IN AMENDMENT OF AN ACT, ENTITLED "AN ACT FOR SUP-
PLYING THE TOWN OF PAWTUCKET WITH PURE WATER."

*It is enacted by the General Assembly as follows :*

SECT. 1. If any owner of lands, waters, or water rights, required for the purposes of said act, shall not agree with said town upon the price to be paid therefor, said town is authorized to take and condemn so much of said lands, waters, or water rights, as may be necessary under the provisions of said act for the purposes thereof.

SECT. 2. Any owner of lands, waters, or water rights, so taken as aforesaid, may at any time within, but not after, one year from the time of such taking, unless the owner be a minor, or out of the State, and in such case said owner shall make his claim in one year

after his majority or after his return to the State, apply by petition to the Supreme Court holden within and for the county in which such lands, waters, or water rights shall have been taken, at any regular term of such court; and upon such petition being filed, at least twenty days' notice thereof shall be given to said town by serving the commissioners appointed under the provisions of said act, or either of them, with a certified copy of such petition; and the court may after such notice proceed to the hearing of the petition, and may appoint three disinterested persons, being freeholders and residents of the State, appraisers, to determine, after reasonable notice to the parties, what damages, if any, the petitioner has sustained, and the award of such appraisers, or the major portion of them, shall be returned by them to the court as soon as may be; and upon acceptance thereof by the court, unless a jury trial be applied for, as hereinafter provided, judgment shall thereupon be rendered by said court, for the party prevailing, with costs, and execution may issue accordingly; provided, that if either party shall be dissatisfied with such award, such party may, immediately upon the return thereof to the court, apply for a trial by jury, which shall determine all questions of fact relating to such damages and the amount thereof; and such trial shall thereupon be ordered by said court and had as soon as conveniently may be, and judgment shall be entered upon the verdict of said jury, and costs shall be allowed to the party prevailing, and execution may be issued therefor; provided, that no petition or complaint shall be made as aforesaid for the taking of any land, water, or water rights, until the same shall be actually taken or withdrawn by said town, by virtue of the provisions of this act.

*December* 8, 1881. DURFEE, C. J. This is a petition for the appointment of appraisers to appraise the damage resulting from the taking of the water of Abbott's run, a tributary of the Blackstone River, to the mill property of the petitioner, situated on that river. The water was taken to supply the water-works of the town of Pawtucket under Public Laws R. I. cap. 491, of June 3, 1875, and cap. 529, of April 12, 1876. By cap. 529, § 1, the town of Pawtucket is authorized to "take and condemn" the water required, if it cannot agree with the owner for the price to

be paid for it. The second section of cap. 529 provides that the owner of the water taken " may at any time within, but not after, one year from the time of such taking, unless the owner be a minor or out of the State, &c., apply by petition to the Supreme Court, for the appointment of appraisers, &c. It is under § 2 that the petition here is filed. The defendant sets up in bar of it that it was not filed within a year after the water was taken. The water was not actually taken for the water-works until February 1, 1878. The petition was filed January 27, 1879. It was filed within less than a year after the water was actually taken. The defendant, however, contends that the year began to run as soon as the vote to " take and condemn " was passed, and the vote to take and condemn was passed October 10, 1877. If this view is correct, a year and several months had elapsed before the petition was filed, and the petitioner is barred.

The ground on which the defendant contends that the water was taken when the vote was passed is, that the effect of the vote was to divest the owner and transfer his property in the water instantaneously to the defendant. The defendant, however, does not point out to us any words in cap. 529, declaring that the vote shall have this effect. The word relied on is " condemn," in the first section. But there is no proceeding for condemnation prescribed, and we are not aware that, in the absence of any provision for such a proceeding, a mere *ex parte* vote or decision to take and condemn, unaccompanied by any outward act of taking, can operate as a condemnation, that is to say, as an alienation of property from its owner and a devotion of it to public uses. Statutes conferring the right to eminent domain are in derogation of the common right, and must be strictly construed. In our opinion, the more reasonable construction of the words " take and condemn " is, that they import simply a taking for the public use, the property being condemned in the act of taking, and that a mere vote to take and condemn amounts only to a declaration of intention until carried into effect. If the first step was to condemn, and the second to take, we should at least expect the words to run " condemn and take," instead of " take and condemn."

But if the vote could have the effect claimed for it by the de-

fendant, it would not follow that the year given for petitioning was to begin as soon as it was passed without regard to the time of actual taking. There are several reasons why it should not. The vote is not, like an actual taking, an open and visible act. Chapter 529 does not require notice of the vote to be given to the owners. It is not to be supposed that the year was to begin until the owners could know that it had begun. Again, the concluding words of § 2 provide that no petition shall be preferred for " the taking of any land, water, or water rights, until the same shall be actually taken or withdrawn." Now the year within which the petition is to be preferred is a period of limitation, and it would be utterly without precedent for such a period to begin to run before the right of action or of proceeding should accrue. The reasonable supposition is that the owner was to have a year to petition in after his right of petition had accrued. And finally, if the year was to begin with the vote, then it was in the power of the defendant to defeat the petition altogether by deferring the actual taking for more than a year.

We are therefore of the opinion that the defence must be overruled.                                        *Order accordingly*.

*W. W. Blodgett*, for petitioner.

*Claudius B. Farnsworth*, Town Solicitor of Pawtucket, *contra*.